**UNITED STATES of America,**

v.

**David A. GEAREY, Defendant.**

**No. 65 Cr. 828.**

United States District Court
S. D. New York.

April 17, 1967

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for plaintiff, Paul K. Rooney, Asst. U. S. Atty., of counsel.

Marvin Karpatkin, New York City, for defendant.

OPINION

MURPHY, District Judge.

The defendant was indicted for his wilful failure to submit to induction into the armed forces (50 App.U.S.C. §§ 451 et seq.). He waived a jury, was tried by the court and found guilty. Although no request for findings, Fed.R.Crim.P. 23(c), was made, the court filed its memorandum on March 14, 1966. United States v. Gearey, 260 F.Supp. 7 (S.D.N.Y. 1966). He was thereafter sentenced to a term of imprisonment of two years. On appeal, the Court of Appeals vacated the judgment of conviction and remanded for further proceedings. United States v. Gearey, 2 Cir., 368 F.2d 144 (2d Cir. 1966).

That court was disturbed over the form of the Local Board's finding that Gearey was not "a genuine c. o." It stated:

"If the Board had found that Gearey's beliefs after the induction notice were no different than before, that would have sufficed, provided the judge found a rational basis for it. Again, if the Board had said clearly that in its view Gearey never had been and was not now 'a genuine c. o.,' that too would have sufficed, subject to the same proviso, since there could not be 'a change in the registrant's status resulting from circumstances over which the registrant had no control' if there had been no change at all. The Board's determination as to the sincerity of the claim, while ordinarily subject to an appeal with the safeguards of § 6(j), would not be in these circumstances because of the applicability of § 1625.2 to conscientious objector claims. While the Board's finding that Gearey was not 'a genuine c. o.' may have been a shorthand manner of expressing one or the other of the above views, it might also have meant that the Board was refusing to reopen on the ground that Gearey had not advanced his claim before the mailing of the induction notice, even though the claim had not matured until later.

"We see no reason, however, why the Board's failure to speak with pristine

clarity should require dismissal of this indictment. A remand should enable the judge to ascertain from the Local Board precisely what it meant. * * * If it meant either that Gearey never was 'a genuine c. o.' or that whatever his beliefs were on the subject, they had matured before the induction notice was sent, and if the judge is convinced of the rationality of such a view, Gearey's conviction may stand; otherwise the indictment must be dismissed." 368 F.2d at 150–151.

Pursuant to such directions, a hearing was had on January 11th and 18, 1967, at which the testimony of the members of the Local Board was taken. (The transcript covers 202 pages). We are satisfied that the Board granted the interview to Gearey on July 6, 1965, in order to evaluate his application for a conscientious objector's classification and that they were prepared to honor his request for reclassification without regard to his outstanding induction order.

 From all the evidence adduced, we are satisfied that when the Local Board on July 6, 1965, found that Gearey was not "a genuine c. o.," it meant that he was not then, and never had been a genuine conscientious objector. We further find from this evidence and from the evidence adduced at the trial itself, that there was a rational basis for this decision and, accordingly, reinstate his conviction and reimpose the same sentence as before, viz., that he be confined to the custody of the Attorney General for a period of two years.

Although such a finding renders moot the alternative ground outlined by the Court of Appeals for reinstating the defendant's conviction, i. e., if his beliefs matured before the induction notice was mailed to him, we are nonetheless satisfied that Gearey had long before made up his mind. In his letter of May 21, 1965, to the Board, he stated: "For the past several years I have been concerned with the problem of conscriptive service as it affects me. *Once* I resolved the problem in my own mind *I refrained from notifying the board* because I felt quite secure with my status as a student and I thought that I would have plenty of time to inform you after the completion of school." (Emphasis added).

The members of the Local Board are ordinary citizens doing volunteer work for their country and, unfortunately, are not judges or even professional witnesses. Because they do not speak or write with pristine clarity is no reason to fault them. I found these board members to be honest, sincere, open-minded and without a trace of prejudice and recall "that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies." Witmer v. United States, 348 U.S. 375, 380–381, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955).

Finally, we refused to permit the defendant to testify as to his recollections of the interview on July 6, 1965, or to offer in evidence what is claimed to have been a memorandum of such recollections, on the ground that the directions of the Court of Appeals did not encompass such testimony or exhibit.