Leopoldo Reyes **MARTINEZ**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 9507.

United States Court of Appeals
Tenth Circuit.

Oct. 20, 1967.

Joseph A. Roberts and Charles S. Solomon, Santa Fe, N. M., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM:

The appellant registered for the draft in 1964 and was classified as 1–A, that is, eligible for service in the armed forces. On January 5, 1966, the local draft board mailed to him an order to report for induction on January 17. Martinez received the order on January 10. He appeared at the time and place specified in the order, but told the clerk of the local board that he was a conscientious objector and refused to be inducted.

On March 22, 1966, the appellant was indicted by a grand jury in the District of New Mexico for failing to submit to induction in violation of 50 App.U.S.C. § 462. He was tried to a jury, was found guilty, and was sentenced to imprisonment for four years. He appeals.

Martinez contends that his conscientious objection to serving in the armed forces became "crystalized" in his mind on January 14, 1966, which was four days after he received the induction order. He argues that, therefore, he was entitled to a hearing before the local draft board as to his alleged change in status, with the right of administrative review and appeal, before he could be charged with the crime of failing to submit to induction.

This court held in Keene v. United States, 266 F.2d 378 (1959), that a change in status after the mailing of an induction order requires the local board

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

to reopen and review the registrant's classification. The court said, at page 384:

"Our question then is narrowed to whether the appellant is entitled to have his classification reopened and considered anew on the grounds of a change of status due to circumstances beyond his control. This is to say, a change of status due to a change of conscience occurring after the notice to report was mailed. If such change did occur, the board erroneously refused to reopen and review, and an appeal lies therefrom by force of the statute, although no provision in the Regulations is made therefor."

The question in this case is, then, whether a change in conscience actually did occur after the notice to report was mailed. Martinez testified that on January 10, the day he received the order of induction, he had not thought of being a conscientious objector. "[A]ll I knew," he said, "was that I wasn't—I was going to refuse to be inducted." He did not mention a sudden change in conscience to the clerk of the draft board when he talked to him on January 17, and did not in any manner draw that alleged change to the attention of the local board. It was first mentioned on April 22 during the argument on pretrial motions to suppress and dismiss. Thus, before the appellant refused to submit to induction, the local draft board had no knowledge of his claim that he had had a change of conscience and no opportunity to rule on the validity of the claim.

Regardless of that, however, the trial court in its instructions gave Martinez the full benefit of his claim. The court told the jury that

"If a person does not hold conscientious objections prior to the time a notice is mailed to him to report for induction, but he does after that date have a change of conscience and notifies the board or its agent, and refuses to be inducted, the person having such a change of conscience would not be guilty of an offense for refusing to be inducted."

And again the judge told the jury that

"If you should find that the defendant did not hold conscientious objections prior to the date of January 5, 1966, and in fact had a change of conscience between then and the date he refused to be inducted, and so notified the board or its representative, prior to the time he refused to be inducted, then you will find the defendant not guilty."

Thus there was submitted to the jury the question whether appellant's alleged change of conscience after receipt of the induction order had actually occurred. The jury's verdict of guilty in effect answered that question in the negative. As the trial judge aptly said at the time of sentencing, "[I]mplicit in the jury's verdict" is a finding that appellant was "making a false claim." We conclude that appellant's claim to a hearing before the draft board as to his alleged change of conscience should be denied.

The claim of unconstitutionality is obviously inapplicable and is rejected.

Affirmed.