**UNITED STATES of America**
v.
**Robert Stephen BLAISDELL.**
**Crim. No. 68–15.**

United States District Court
D. Maine, S. D.
June 27, 1968.

Edward G. Hudon, Asst. U. S. Atty., District of Maine, Portland, Me., for the Government.

Cushman D. Anthony, Portland, Me., for defendant.

GIGNOUX, District Judge.

Under the provisions of F.R.Crim.P. 29(a), the defendant in this case has moved at the conclusion of the Government's evidence for a judgment of acquittal upon the grounds that his local Selective Service Board failed to conform to Selective Service System Regulations Sections 1625.2 and 1625.4 thereby rendering the induction order upon which the action rests invalid. After the most careful consideration of the evidence relevant to the motion as presented to this Court, both in the presence of the jury and at the voir dire hearing conducted just before the noon recess, and also of the pertinent provisions of the Selective Service Act, the regulations under the Act and the case law relevant to the issues presented, the Court has determined with considerable reluctance that the motion must be granted and that a judgment of acquittal insofar as this prosecution is concerned must be entered in favor of this defendant.

Briefly, the basis of the Court's ruling is as follows: First, upon the basis of the evidence presented, the Court finds the relevant facts to be as follows: The defendant, Robert Stephen Blaisdell, registered with his local Selective Service Board, Board No. 300 in Michigan, in 1963. At that time he was given a 2-S Classification (a student deferment), a classification which he maintained until October 14, 1966, at which time he was classified 1-A. On October 27, 1966, Local Board 300 issued an order to the defendant to report for a preinduction physical examination. The defendant reported for such an examination on December 5, 1966, and at that examination was found to be "fully acceptable." However, on March 23, 1967, the defendant was given a 1-S-C Classification (a statutory student deferment) in order to enable him to complete the year in graduate school which was then in progress. On May 23, 1967, after the defendant informed the board that he was no longer in school, he was again classified 1-A. In the meantime, on March 14, 1967, the defendant had been ordered to report for induction into the armed forces on April 18, 1967. This induction date was twice postponed, and the final order for the defendant to report for induction was issued by Local Board 16, York County, Maine, to which the defendant had been transferred for induction at his request since he was at that time a resident of York County. The final order, issued by Local Board 16, was issued on August 14, 1967, and directed the defendant to report for induction into the Armed Forces on August 24, 1967, at the Armed Forces Examination & Entrance Station in Portland, Maine. On August 24, 1967, the defendant did report to the Induction Center in Portland but after initial processing at the Center refused to submit to induction.

In the meantime, on the day before he was to report for induction at Portland, that is, on August 23, 1967, the defendant sought counselling at the American Friends Service Draft Counselling Center in Cambridge, Massachusetts. On the advice received at the A.F.S. Center, the defendant during the afternoon telephoned the Clerk of Local Board 300 in Michigan, informed the Clerk that he had become a conscientious objector, and requested that he be furnished with a conscientious objector request form, SS Form 150. The defendant was advised by the Clerk that such a form could be furnished to him only upon receipt of a written request directed to the Board. The same evening, that is, the evening of August 23, 1967, the defendant wrote a letter to Local Board 300 in which he

reiterated that he had become a conscientious objector and renewed his request for SS Form 150. This letter is in the Selective Service file which is in evidence as Government Exhibit No. 1. The defendant gave the letter to his wife that evening for mailing the following day, but the record does not show when in fact the letter was mailed. However, it was received by Local Board 300 on August 29, 1967.

On August 24, 1967, when the defendant reported to the Induction Center in Portland and prior to any processing at the Center, the defendant handed to the civilian processing officer, Mr. Landry, a letter, which is in evidence as Government Exhibit No. 3, reading as follows: "To the Officer in Charge: It is my intention to refuse induction on the grounds that I am a conscientious objector. I have written for a 150 form to apply for classification as such. Sincerely, Robert Stephen Blaisdell." The Portland Induction Center did not, so far as this record discloses, inform Local Board 300 or, for that matter, Local Board 16, of the notice which the Induction Center had received from the defendant that he was claiming to be a conscientious objector, but on the same day, that is, on August 24, 1967, the Induction Center forwarded to the United States Attorney in Portland formal notification of the defendant's refusal to be inducted into the Armed Forces of the United States.

On September 13, 1967, the defendant again wrote Local Board 300 renewing his request for SS Form 150. This letter also is contained in the Selective Service file which is in evidence as Government Exhibit No. 1. On September 26, 1967, Local Board 300 mailed SS Form 150 to the defendant. The completed form was returned by the defendant to Local Board 300 on October 6, 1967. The record discloses that Local Board 300 did not at any time consider the defendant's request that his reclassification be reopened, nor did it at any time notify the defendant of the action taken upon his request. The record further discloses that the reason why Local Board 300 did not act upon the defendant's request that his classification be reopened was because, in the view of the Board, the request had not been timely filed—more specifically, because the request had not been received by the Board until after the defendant on August 24, 1967, had committed the offense of refusing to submit to induction.

■ The provision of the Selective Service Act with which we are here concerned is Section 6(j) of the Act, 50 U.S.C.A. App. § 456(j), which provides in pertinent part: "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the Armed Forces of the United States who by reason of religious training and belief is conscientiously opposed to participation in war in any form." While the Act itself does not prescribe the time within which a claim for conscientious objector status must be made, it is clear that it must be made before actual induction into the Armed Forces, since after actual induction military law applies. However, the regulations enacted pursuant to the Selective Service Act do impose certain limitations upon the right of a registrant to claim conscientious objector status. The particular regulation with which we are here concerned is Regulation 1625.2, which provides in part: "The local board may reopen and consider anew the classification of a registrant * * * provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in registrant's status resulting from circumstances over which the registrant had no control." The issue presented by this motion is whether this regulation has been correctly applied to this defendant's case. More specifically, the issue is whether this defendant's claim to be a conscientious objector should have been considered by Local Board 300 and a determi-

nation made by it as to whether the request submitted by the defendant indicated that he had undergone a change of status due to circumstances beyond his control which would affect his classification.

In United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), the Court of Appeals for the Second Circuit held that a registrant may have a change of conscience after the issuance to such registrant of an order to report for induction and that such a change of conscience may constitute a change of circumstances beyond the registrant's control within the meaning of Regulation 1625.-2. *Accord,* Keene v. United States, 266 F.2d 378 (10 Cir. 1959); United States v. Underwood, 151 F.Supp. 874 (E.D. Pa.1955). *But see,* United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953); Porter v. United States, 334 F.2d 792 (7th Cir. 1964); United States v. Beaver, 309 F.2d 273 (4th Cir. 1962); United States v. Taylor, 351 F.2d 228 (6th Cir. 1965.)

In United States v. Stafford, 389 F.2d 215 (2d Cir. 1968), the Court of Appeals for the Second Circuit reaffirmed the doctrine of the Gearey case and held, on facts which are substantially identical to those presented in the present action, that a notice given by a registrant that he claimed conscientious objector status which was delivered to the Induction Center on the day he was to report for induction was a timely notice and that the claim should have been forwarded by the Induction Center to the local Selective Service board involved and should have been considered by the local board for the purposes of determining whether the registrant had had a change in status resulting from circumstances over which he had no control and whether the change had occurred subsequent to the mailing of the order to report for induction. Specifically, in the *Stafford* case, the court ruled that if the local board had rejected the registrant's claim of conscientious objector status because it was not timely filed, his criminal prosecution was improper and the indictment in that case must be dismissed. The Government here, while criticizing the *Stafford* case, has cited no persuasive authority contrary to the position there taken.

On the authority of *Gearey* and *Stafford* and for the reasons expressed by the court in those two cases, this Court is persuaded that Local Board 300 in this case denied to the defendant a procedural right to which he was entitled under the Selective Service Act and the regulations issued thereunder. Specifically, the defendant was denied the right afforded by the Act and Regulation 1625.2 to have considered by his local board his claim that he had sustained a change in status subsequent to the mailing of the order to report for induction, the change in status resulting from circumstances over which he had no control.

For these reasons, then, the Court rules that the prosecution here was not properly grounded and that the motion for judgment of acquittal must be granted. It should be understood, of course, that the granting of this motion, which means that the defendant will be acquitted insofar as this prosecution is concerned, will not preclude a new prosecution if Local Board 300, or such other board as may have jurisdiction, on consideration of defendant's claim should determine either that the defendant is not in fact a conscientious objector, or that if he is a conscientious objector, he did not become such since the receipt of the order to report for induction. In the event after consideration of the defendant's request the Board should so conclude and deny his request for conscientious objector status, the Court would anticipate that the Board would again order him to report for induction and that should he again refuse to submit to induction, a subsequent prosecution might ensue.

The defendant's motion for judgment of acquittal is granted.