UNITED STATES of America ex rel.
Douglas Heath BROWN,
Petitioner,

v.

Major John T. TRAMBLEY, Commanding
Officer, Armed Forces Examining and
Entrance Station, Denver, Colorado, Respondent.

Civ. A. No. C–1910.

United States District Court,
D. Colorado.

Jan. 5, 1970.

Stevens & Miller, by Sara-Jane M. Cohen, Boulder, Colo., for petitioner.

James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on petition of Douglas Heath Brown for a writ of habeas corpus. Petitioner asserts that his induction into the armed forces was unlawful and seeks relief by way of this petition. A full trial was conducted on December 12, 1969. We have jurisdiction pursuant to 28 U.S.C. §§ 2241(a), 2241(c) (1) and 2241(c) (3).

Petitioner was initially ordered to report for induction on July 11, 1969. That order was subsequently postponed until December 5, 1969. On September 15, Brown filed a Special Form for Conscientious Objector, Selective Service Form 150. In his Form 150 Brown alleged that because of his religious training and beliefs, he was opposed to participation in war in any form, and further that he was opposed to noncombatant training and service. He said that his beliefs were acquired at the Ridgedale Presbyterian Church in South Bend, Indiana, and at his home. He indicated that the filing of the Form 150 was the "final development" of his views.

Brown's draft board, before making its determination on his application, invited him to appear personally to present his views. He declined. The board then reviewed his complete file, including the Form 150, and determined on October 14, 1969, that there was "no change warranted." Brown then "appealed" the decision by way of a letter to the local board. The board again reviewed his entire file, including the Form 150, and again determined that no change was warranted. Brown was then ordered to report for induction on December 5.

Brown initiated his court action by filing a motion for a temporary restraining order on December 2, 1969. We dismissed that action on December 4 for want of jurisdiction, pursuant to 50 U.S.C. App. § 460(b) (3). Brown submitted to induction on December 5 and filed a petition for writ of habeas corpus on that date. He then filed an amended petition on December 11.

Petitioner challenges Selective Service System Regulation 1625.2; he challenges application of that regulation to his case; and he challenges the local board's determination that he did not meet the requirements of that regulation. Finally, by way of a supplemental memorandum, he alleges that the board failed to determine specifically whether or not he had complied with the requirements of Regulation 1625.2. We will deal with petitioner's arguments in order.

The regulation in question deals with applications for change in draft classification filed after the local board has mailed an Order to Report for Induction. The regulation requires the local board to find specifically that "there has been a change in the registrant's status resulting from circumstances over which the registrant has no control" before it can reopen a classification after an Order to Report has been mailed to the registrant. These facts upon which a reopening is based must occur after the order has been mailed. United States v. Maine, 417 F.2d 951 (10th Cir. 1969); United States v. Gearey, 368 F.2d 144 (2d Cir. 1966).

Petitioner argues that this regulation creates a class of "post-order" registrants who have a heavier burden of proof in establishing their claims to conscientious objector status than do "pre-order" registrants. The burden is, of course, that of establishing facts which have occurred since the induction order was mailed and which have resulted in the so-called "late crystalization" of the registrants' views. Creation of this additional burden, it is argued, is a denial of the equal protection guarantee incorporated in the due process clause of the Fifth Amendment. *See* Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884 (1954).

At the outset, we doubt that there is any significant difference in fact in treatment of "pre-order" and "post-order" registrants. The former are required by

Selective Service System Regulation 1625.1(b) to report any change in status which would affect their classifications within ten days of such change in status. Thus a registrant who asserts that he is a conscientious objector must report the "crystalization" of his views within ten days or he may lose his claim. *See* United States v. Gearey and United States v. Maine, *supra.* Thus, a post-order registrant would, very shortly after his induction order is mailed, lose his right to claim conscientious objector status regardless of Regulation 1625.2.

■■ But, conceding that there is in fact a classification, and that those who apply for conscientious objector status after the Order to Report has been sent do have an additional burden, we still must determine whether or not that classification is unreasonable. A regulation or law violates the equal protection provision of the Constitution only if the classification which it creates constitutes an invidious discrimination against members of a particular class, *see* Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), or if it is without any reasonable basis, *see* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Thus, discrimination based on race is unlawful, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 38 A.L.R.2d 1180 (1954); Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L. Ed.2d 110 (1960), as is discrimination based on poverty, Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966), Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891, 55 A.L.R.2d 1055 (1956), or for at least some purposes, discrimination based on residence. Shapiro v. Thompson, *supra.*

In the above cases the governmental body involved failed to show any reasonable basis for the classifications in question. Consequently, they were invidious interferences with the exercise of constitutional rights.

In the case before us, it is asserted that the classification is necessary to the effective functioning of the selective service system. We think it is not unfair to say that the need for a smoothly-functioning draft system is a national policy of considerable import. Experience demonstrates that some definite cutoff point for reconsideration of classifications is necessary if local boards are to be able to fulfill their manpower quotas with some degree of regularity and dispatch. Otherwise they might be continually beset with claims for deferments and exemptions after registrants have been ordered to report for induction. *See* United States v. Maine, *supra,* and United States v. Gearey, *supra.*

Petitioner here contends that the above justification is belied by the fact that in exceptional cases, the local boards are allowed, and in some cases required, to reopen classifications after orders to report for induction have been sent. We disagree. Petitioner would have us believe that the justification must be absolute and inflexible in order to be reasonable. We think the contrary is true. We think it is more reasonable that in dealing with these very important questions the Selective Service System provides for exceptions in exceptional cases. The basic policy of finality bows to the needs of the individual cases when those needs are demonstrated.

Thus we conclude that the classification involved here, if there be one, does not constitute the sort of invidious discrimination which the Constitution condemns. In so finding, we are not insensitive to the importance of the individual rights to which petitioner alludes. Nor do we disagree that procedural safeguards must be carefully followed, especially in a day in which increasing power over individual citizens is being lodged in government agencies. *See* Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968). Rather we are saying that though these rights exist, they are not absolute, and the requirement that their exercise be timely is not an unreasonable one.

Petitioner next argues that Regulation 1625.2 is invalid as an impediment to the exercise of a right granted by Congress. The Congressional policy of exemption from service of those who by religious belief are opposed to war is clearly expressed in the Selective Service Act of 1967. 50 U.S.C. App. § 456(j). Petitioner's argument is that since the timeliness requirement contained in Regulation 1625.2 imposes a procedural burden upon the exercise of this right, the regulation must fall. We disagree.

■ The establishment of the conscientious objector status by Congress does not preclude the establishment of orderly procedures for claiming that status. The Selective Service System is charged with the responsibility of administering the draft laws in an orderly and efficient fashion. We reiterate that the procedure established here is a reasonable one. The burden imposed is procedural. It is not the sort of immaterial burden condemned by Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Hence the regulation does not impose an unlawful restriction in contravention of the Congressional mandate.

Petitioner next contends that application of Regulation 1625.2 to his case denied him due process, since that regulation is invalid. This argument, of course, falls with the first two.

Petitioner next urges that even if the regulation is valid, he complied with it in his Form 150, at least to the extent of the requirements of which he was on notice. He complains of the lack of notice that "new facts" are required in order to reopen classifications after the Order to Report for Induction has been sent. He argues that in view of this failure of notice and in view of the facts presented in his Form 150, the board abused its discretion in refusing to reopen his classification.

■ First, we do not disagree with the idea that it would be better practice for the Selective Service System to indicate specifically on the Form 150 that new facts are required in order to reopen a classification after an Order to Report has been mailed. If such a practice were followed, there would be no doubt that registrants would know exactly what they must show in order to have their classifications reopened in these circumstances. However, lack of such a provision has not denied this petitioner due process, nor did it result in an abuse of discretion on the part of his local board.

It is appropriate here to note several factors which bear on petitioner's claim. First we note that though the Form 150 does not specifically indicate that "new facts" are required, it does in our opinion elicit all such relevant information. The questionnaire asks the applicant for a full and complete description of the development of his views. The relevant question is as follows:

"Explain how, when and from whom or from what source you received the religious training and acquired the religious belief which is the basis of your claim. (Include here, where applicable, such information as religion of parents and other members of family; childhood religious training; religious and general education; experiences at school and college; organizational memberships and affiliations; books and other readings which influenced you; association with clergymen, teachers, advisers or other individuals which affected you; and any other material which will help give the local board the fullest possible picture of how your beliefs developed.)"

We cannot think of a situation in which such a question would not elicit the "new facts" upon which a post-induction order claim of conscientious objection depends.

Next we note that petitioner here claims no specific prejudice from the alleged lack of notice. Nowhere, in his petition, in the memoranda which he has submitted to the Court, or at the trial, does he allege that there are indeed new facts which were not presented in his Form 150. That form on its face indi-

cates to the contrary—it shows that his views took form long before he was ordered to report for induction. We presume that the local board had this in mind when it declined to reopen his classification.

Finally, we note that petitioner was invited to appear before the board to express and explain his views and he declined. While we have no doubt that it would have been difficult for him to travel to Indiana from Colorado in order to appear, that does not negate the fact that the opportunity was there.

We conclude that petitioner was afforded every opportunity to present any relevant facts. There is no evidence that he was prejudiced in any way, and we can see no indication that the board abused its discretion in refusing to reopen his classification. It is not our duty to sit as a super draft board and examine all the evidence anew. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

■ Finally, petitioner urges that the board failed to make a specific finding that the facts did not warrant a reopening of the classification. *See* United States v. Gearey, *supra*. The board determined "no change warranted." Again, we think that better practice would be for the board to put its decision in the language of the regulation, thereby avoiding difficulties in interpretation. But we do not think that failure to do so necessarily results in invalidation of the board's decision. We noted earlier that the Form 150 on its face indicates that petitioner's views were formed before the Order to Report was sent. We presume that because of this fact, the board concluded that no change was warranted—that no change in status resulting from facts over which the registrant had no control was indicated, therefore the classification would not be reopened. *See* United States v. Ruppell, 278 F.Supp. 287 (E.D. N.Y.1968).

For the above reasons, we find this petition for writ of habeas corpus to be without merit. It is therefore

Ordered that the petition for a writ of habeas corpus be and hereby is denied.