**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**S. Kenneth STONE, Defendant-Appellant.**

**No. 460–69.**

United States Court of Appeals,
Tenth Circuit.

March 13, 1970.

Rehearing Denied April 13, 1970.

James R. Richards, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., on the brief), for appellee.

Peter H. Ney, Englewood, Colo., for appellant.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

On a trial to the court without a jury defendant-appellant Stone was found guilty of violating 50 U.S.C.App. § 462(a) for failure to submit to induction into the armed forces of the United States. On this appeal he attacks the validity of the order for induction.

Defendant registered with his Local Board in July, 1962. He received a student deferment and later a deferment for service in VISTA. On November 17, 1967, he was classified I-A. He appealed and the State Board affirmed the classification. He was given a physical examination and ordered to report for induction on May 6, 1968. This order was cancelled for technical reasons. The Local Board reopened his classification and on June 19 again placed him in I-A. He again appealed without success to the State Board.

On September 13, 1968, the Local Board ordered him to report for induction on October 22. On September 16 defendant wrote the Local Board and inquired about his rights. The Local Board replied that the classification could not be reopened unless it found a change in status resulting from circumstances beyond his control and that he could submit new information at any time. On October 7 defendant requested Selective Service Form 150, to be filed by a registrant requesting conscientious objector status. The form was completed and returned to the Board on October 21.

The Local Board minutes on the back of the defendant's Classification Questionnaire contain the following notation: "10–22–68 Local Board reviewed SSS Form 150, did not wish to re-open." On the same day the Executive Secretary of the Local Board wrote a letter to the defendant which said in pertinent part:

"In order for this Local Board to reopen your classification they would have to make a finding that there has been a change in your status resulting in [sic] circumstances over which you had no control. This Board specifically finds that there has been no change in your status resulting in [sic] circumstances over which you had no control."

The defendant failed to report and this prosecution followed.

■ The reopening of a classification is governed by a Selective Service regulation, 32 CFR § 1625.2, which provides:

"* * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

This regulation is a reasonable restriction on the statutory right, 50 U.S.C. App. § 456(j), to avoid military service because of conscientious objection. Keene v. United States, 10 Cir., 266 F.2d 378, 384; see also United States v. Maine, 10 Cir., 417 F.2d 951, 953–954.

■ A crystallization of beliefs in conscientious objection after the Order to Report for Induction has been mailed may constitute a change in status resulting from circumstances beyond a registrant's control. In such a case the Board has a duty to reopen the classification. United States v. Maine, supra at 953; Martinez v. United States, 10 Cir., 384 F.2d 50, cert. denied 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166; and Keene v. United States, supra, 266 F.2d at 384. When a claim of conscientious objection is made after the Order to Report, the Board must determine when the registrant's belief matured. If they matured before the notice was sent, the classification may not be reopened. If they matured after that notice, the question is whether the beliefs qualify him for conscientious objector status. See United States v. Gearey, 2 Cir., 368 F.2d 144, 150, 379 F.2d 915, cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368.

■ Defendant says that the Regulation, § 1625.2 requires a specific finding of no change in status and that none was made because the minutes say simply that the Board "did not wish to reopen." The minutes are somewhat like a court clerk's docket sheet. The action is shown by the papers which are within the registrant's Selective Service file.

The Regulations provide, 32 CFR § 1625.4, that when the Board denies a request to reopen a classification it shall:

"* * * by letter * * * advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. No other record of the receipt of such a request and the action taken thereon is required."

■ The Board complied with § 1625.4 by sending the October 22, 1968, letter to the registrant to advise him of its action. Although the Board's letter is not a model of legal exposition, it should not be judged hypertechnically. In United States v. Maine, supra, we affirmed a conviction in a case where the Board's record used the language of § 1625.2. In the instant case the Board followed the language of the Regulation except that it used the preposition "in" instead of "from." This clerical and grammatical error is unimportant. The Board found no change in status beyond the registrant's control.

■ While it might have been better for the Board to have found specifically that defendant's views crystallized before the order to report was mailed or that they did not entitle him to conscientious objector status, the record leaves no doubt that the former was the case. Indeed, the defendant makes no argument to the contrary. A careful review of his statements in the Form 150, and the supporting documents attached thereto, convinces us that his views had solidified long before the order to report was mailed.

Affirmed.