**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Michael PACHECO, Defendant-Appellant.**

**No. 179–70.**

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1970.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., and Steph-

en L. ReVeal, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

· Robert P. Tinnin, Jr., Albuquerque, N. M., for defendant-appellant.

Before BREITENSTEIN and SETH, Circuit Judges, and TEMPLAR, District Judge.

BREITENSTEIN, Circuit Judge.

On a trial to the court without a jury, defendant-appellant Pacheco was found guilty of violating 50 U.S.C. App. § 462 (a) by failing to submit to induction into the armed forces of the United States. On appeal he attacks the validity of the induction order and asserts that the Local Board improperly rejected his claim of conscientious-objector status.

Defendant registered with his Local Board in June, 1966, and received a student deferment which was later revoked because of scholastic ineligibility. He was classified I–A on July 17, 1968, given a physical examination, and on October 21, 1968, ordered to report for induction on November 7, 1968. On October 28 he requested SSS Form 150 for conscientious objectors. The form was completed and returned to the Board. The minutes of the Board reflect the following action taken on October 31:

"It was the board's unanimous decision that the registrant does not meet the requirements of a conscientious objector. The registrant wrote 'Does not Apply' on Series VIII of his SSS Form 100. His reasons stated in SSS Form 150 are a personal moral code and a philosophical point of view."

The pertinent Selective Service regulation, 32 CFR § 1625.2 provides:

" * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

We upheld and applied this regulation in United States v. Stone, 10

Cir., 422 F.2d 968, 970. See also United States v. Haifley, 10 Cir., 432 F.2d 1064, and United States ex rel. Brown v. Resor, 10 Cir., 429 F.2d 1340. When a claim on conscientious objection is asserted after the Order to Report, the Board must determine when and in what circumstances the registrant's belief matured. It failed to do so. The defect is not cured by evidence at the criminal trial indicating that the belief crystallized at some previous time. The duty is on the Board to make the required determination and it must do so specifically. Absent a finding that the belief matured after the induction order and resulted from circumstances over which he had no control, no consideration may be given to a reopening of the classification. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L. Ed.2d 362, is not in point because there the claim of conscientious objection was made before the induction order.

There is no reason to give consideration to the other contentions of the defendant.

Reversed.