**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Allan Dale HAIFLEY, Defendant-Appellant.**

**No. 274-70.**

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1970.

Rehearing Denied Dec. 8, 1970.

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Milnor H. Senior, Denver, Colo., for defendant-appellant.

Before PHILLIPS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Haifley refused to submit to induction into the armed forces of the United States and on trial to the court without a jury was found guilty of violating 50 U.S.C. App. § 462(a).

This defendant has had an abundance of trouble with Selective Service. He registered in March, 1965, and received a student deferment. While in college he was active in the anti-war movement. In October, 1967, he turned in his draft card as part of an anti-war protest. He was later indicted in federal district court and the indictment was dismissed. Upon receipt of information that the defendant was no longer in school, the Board classified him I–A on April 9, 1968. His appeal from this classification was rejected and he was ordered to report for induction but did not do so. He was indicted, tried, and convicted for this offense and the conviction was set aside on technical grounds, D.C., 300 F.Supp. 355. He was then ordered to report for induction on July 24, 1969.

On July 10, 1969, defendant requested SSS Form 150 for conscientious objectors which was completed and returned. The Board granted a personal appearance and the State Director postponed induction for 10 days so this appearance could be held. On July 25, 1969, defendant appeared before the Board and discussed his claim for classification as a conscientious objector. The records of the Board show the following action taken after the hearing:

"The local board determined that there had been no change in the registrant's status due to circumstances beyond his control; therefore, the local board is without authority to reopen the classification. Mr. Haifley should report for induction as ordered."

Defendant refused to submit to induction and this prosecution followed.

Selective Service Regulations provide in pertinent part, 32 CFR § 1625.2, that:

" * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

We recognized the validity of this regulation in United States v. Maine, 10 Cir., 417 F.2d 951, 953–954, and have applied it in United States v. Stone, 10 Cir., 422 F.2d 968, 970, United States ex rel. Brown v. Resor, 10 Cir., 429 F.2d 1340, and United States v. Pacheco, 10 Cir., 433 F.2d 914. In the case at bar the Board made the specific finding that there had been no change in status beyond the registrant's control. The records and files of the Board sustain its finding.

Defendant relies on Miller v. United States, 9 Cir., 388 F.2d 973, but the facts are different in that case. There the court held that action of the State

Director had released the Board from the prohibition of § 1625.2. Here the State Director merely postponed the induction and did not authorize the Board to re-open the classification.

The defendant asserts that the Board has harrassed him and prevented him from continuing his college studies so that he would qualify for a student deferment. The record does not support the claim. His difficulties with the school, law enforcement officers, and the Selective Service were of his own making. In our opinion the Selective Service did not act discriminatorily or unreasonably.

The attack on the classification change from II–S to I–A is without merit. The burden is on the registrant to show his right to the deferment, and the Board's determination of whether he has sustained that burden is final unless lacking basis in fact. Pittman v. United States, 10 Cir., 411 F.2d 635, 636–637, and cases cited in note 2, cert. denied 396 U.S. 914, 90 S.Ct. 232, 24 L.Ed.2d 190. In our opinion the Board had ample basis in fact for the reclassification.

Defendant complains that he did not receive a thorough pre-induction physical examination. Such an examination is for the military, not for the Board or the courts. The record shows that defendant had the required physical examination and nothing indicates that at the time he questioned its lack of thoroughness. We will not review the report of the medical examiner.

A defense motion for a bill of particulars was granted. The claim is now made that vital material was not furnished. A sufficient answer is that the defendant made no showing to the trial court of lack of compliance and went to trial without objection.

A denial of equal protection is claimed on the ground that the Board discriminates in favor of registrants who are members of the Mormon Church. The argument is based on speculation and assumption and deserves no consideration.

We decline the invitation to again review the constitutionality of the Selective Service Act.

Affirmed.