**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Henry SWIERENGA, Defendant-Appellant.**

**No. 19862.**

United States Court of Appeals, Sixth Circuit.

April 21, 1970.

Ernest Goodman, Detroit, Mich. (Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Detroit, Mich., on the brief), for appellant.

Frederick S. Van Tiem, Asst. U. S. Atty., Detroit, Mich. (James H. Brickley, U. S. Atty., Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

Defendant-appellant was indicted for refusal to submit for induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a). The district court, sitting without a jury, found him guilty and imposed sentence of four years imprisonment. The defendant appeals.

Defendant was mailed an induction notice on August 29, 1966, ordering him to report on October 11. On September 3, he made written request for a 60-day extension to enable him to train someone to maintain his business, a sole proprietorship. Upon receipt of the draft board's denial of this request, he contacted an attorney who wrote the board a letter dated September 13, 1966, containing this statement:

"It is not the desire of Mr. Swierenga to avoid military service. His desire is to have a business to which he can return upon completion of military service."

Before the board made reply to the attorney's letter, defendant sent an additional letter elaborating on his need for a 60-day extension to arrange his affairs, concluding with the statement:

"I hope you will review my file once again and give me the sixty days I so desperately need to keep my business functioning while I am gone."

The draft board responded to defendant's request by letter dated September 20, indicating that his induction would be postponed if he would sign an application for voluntary induction in the board's December or January quota. By letter dated September 22, defendant thanked the board for its reconsideration and decision to grant a conditional extension but indicated that he would not be willing to volunteer for induction, stating:

"However, I cannot comply with your stipulation that I must first volunteer for the draft. This is directly against my Religious principles. As a Christian, I do not believe it is for me to judge when another man shall die or to take his life, if I volunteer, the blood is on my hands and I shall be judged for it."

The board wrote defendant the next day advising that, if he "would not sign an application for voluntary induction," he would have to report as originally scheduled.

Defendant reported to the induction center on October 12, 1966, but refused to be inducted and signed a statement to the effect that his religious beliefs prevented his serving in the Armed Forces. Later, on January 25, 1967, he requested and received from the board a special form for conscientious objectors which was filed with the board on February 1, 1967. The board took no action on this request.

For the reasons stated in the memorandum opinion of the district judge and on authority of this Court's decisions in United States v. Ellis, 415 F.2d 1122 (1969); United States v. Brooks, 415 F.2d 502, 509 (1969), cert. denied, 397 U.S. 969, 90 S.Ct. 1003, 25 L.Ed.2d 263 (1970); United States v. Mulloy, 412 F.2d 421 (1969), cert. granted, 396 U.S. 1036, 90 S.Ct. 680, 24 L.Ed.2d 680; United States v. Jennison, 402 F.2d 51 (1968), cert. denied, 394 U.S. 912, 89 S.Ct. 1024, 22 L.Ed.2d 225 (1969); and United States v. Taylor, 351 F.2d 228 (1965).

The judgment is affirmed.