**UNITED STATES of America,
Appellee,**

v.

**Luke Hamilton JONES, Appellant.**

**No. 116, Docket 34106.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 17, 1970.

Decided Sept. 23, 1970.

Jesse Berman, New York City (Milton Adler, New York City, of counsel), for appellant.

Daniel J. Sullivan, Asst. U. S. Atty., of counsel (Whitney North Seymour, Jr., U. S. Atty., Southern District of New York, on the brief), for appellee.

Before WATERMAN, MOORE, and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Luke Hamilton Jones appeals from a judgment entered after a trial before Judge Zampano in the Southern District of New York, sitting without a jury, convicting Jones of failure to report for induction into the armed services [50 U.S. C. App. § 462(a)]. Jones presses the not unfamiliar claim that his local draft board should have reopened his classification because his conscientious objection to military service matured or "crystallized" after he received the Notice to Report for Induction. We find ample support for Judge Zampano's conclusions that Jones's draft board complied fully with the procedures we authorized for processing a claim such as this in our *Gearey I* [1] and *Gearey II* [2] cases. We af-

---

1. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967).

2. United States v. Gearey, 2 Cir., 379 F.2d 915 (1967).

firm Jones's conviction for we find all of his claims without merit.

Two communications prompted Local Selective Service Board No. 10 of Mt. Vernon, New York, to classify Jones 1–A–O (eligible for military service but not required to bear arms) on April 22, 1966. In a letter to the Board dated February 2 and on the "Special Form for Conscientious Objector" (SSS Form 150) completed Feb. 14, 1966, Jones unambiguously stated that although he wished exemption from combat training and service he had no objection to noncombatant service. On May 11, 1966, an order to report for induction into the armed forces on June 15, 1966, was mailed to Jones. Five days later, however, Jones "appealed" the notice and requested a hearing before the Board. His reason for this action, he wrote in his letter of May 16, was: "my conscientious [sic] objection to taking arms * * * also extends to military training in-lieu of taking arms." On June 14, 1966, the eve of his induction, the Board afforded Jones a hearing and voted 3–0 not to reopen his classification.

The Board's reasons for this declination are not a model of clarity.[3] Apparently uncertain as to the legal adequacy of the June 14, 1966 proceeding, the United States Attorney on February 24, 1967, requested the Board to conduct a new hearing and make specific findings as to whether a conscientious objection to all military service had matured in Jones's mind after he received his induction notice. The Board complied with this request, and on March 8, 1967, conducted another interview with Jones. The Board's summary of this hearing indicates that Jones twice insisted that his beliefs had not changed since he declared his limited conscientious objection to combatant service on February 2, 1966. Moreover, at the hearing the Board had before it a letter from Jones dated March 7, 1967, in which he expressly disclaimed that his views had vacillated or changed after February 2, 1966.[4] Thus, at his second interview, Jones himself fairly impelled the Board to find, as it did, that his beliefs had not crystallized after he was ordered to report for induction. The Board's further conclusion that Jones's claimed objection to all forms of military service was not "genuine" is, while far from compelled by the evidence before us, at least "rational," United States v. Gearey (II), 379 F.2d 915, 919 (1967).[5]

In sum, the Board had no basis on which it could have found that after Jones received his induction notice there had been "a change in the registrant's status resulting from circumstances over which" he had "no control." 32 C.F.R. § 1625.2. Accordingly, it was not required to reopen his classification.[6] Jones's

3. Notes taken by a member of the Board at the time of the hearing include the statement: "On this date states he is unwilling to serve in any part of the Armed Forces and wants a 1 O classification." In response to a request by the United States Attorney, to whom the case had been referred when Jones failed to report for induction, the "executive secretary-supervisor" of Local Board No. 10 submitted a statement dated February 15, 1967 and signed by three members of the Board, indicating that at his June 14, 1966 hearing Jones "stated that he would go into service, but wanted assurance that he would not have to carry arms."

4. The letter said in part: "On February 2, 1966, I requested, by letter, a re-classification from the local board. I felt then, as I do now, that my religious beliefs conflict with the idea of serving in the Armed Forces."

5. Jones himself insisted that his views had not changed since he declared himself eligible for noncombatant service. Note 4, supra.

6. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), does not affect this case since the Court there was interpreting language of § 1625.2 not relevant here. The court was concerned there with reopenings prior to receipt of the induction notice. Also, we have recently interpreted the language quoted in the text as precluding us from adopting the argument, raised again by Jones in this case, that a draft board must reopen a classification on the bare representation of a registrant that his beliefs had

failure to report after the second hearing therefore clearly supports his conviction. "It is settled that after a person is ordered to report for induction he is under a continuing duty to do so," United States v. Prince, 398 F.2d 686, 688 (1968).

Jones also objects to Judge Zampano's consideration of sentences in other jurisdictions for this type of offense, before imposing a two year sentence here. There is no indication that Judge Zampano merely plugged this entirely relevant statistical information into some unrelated and impersonalized formula.

---

changed after he was ordered to report. Paszel v. Laird, 2 Cir., 426 F.2d 1169 (1970).