**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Glen Earl LONG, Defendant-Appellant.
No. 475-70.**

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1971.

---

James M. Peters, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

John Chiaf, Oklahoma City, Okl., for defendant-appellant.

Before PICKETT, HILL and SETH, Circuit Judges.

PICKETT, Circuit Judge.

In a trial to the court without a jury in the Western District of Oklahoma, Long was convicted for refusing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462(a). He appeals from a five-year sentence, claiming that the local board refused to reopen his 1–A classification and consider his request to be classified as a conscientious objector.

Long registered with his local board on December 6, 1965 and was given a student deferment. There were other changes in his classification prior to October 22, 1968 when he was classified 1–A. Long was ordered to report for induction on August 25, 1969, but failed to report. Apparently the failure to report was ignored after Long, in response to a letter, appeared before the board and explained that he did not comply with the order because he was waiting to hear from the state director of the Selective Service System with whom he had discussed personal matters. On October 14, 1969 Long wrote to the board requesting a 1–A–O classification because of his religious beliefs. This was the first indication in Long's file that he had conscientious objections to service. The local board then sent Long a special conscientious objector's form (SSS Form 150) to be used by him if he desired to establish his claim, with instructions to complete the form and return it within thirty days. The form was not returned according to instructions, whereupon the local board reviewed the file, and without making any finding as to the sufficiency of Long's allegations, refused to reopen the classification. Long was so notified and ordered to report for induction on December 29, 1969. The SSS Form 150 was received by the board after the last notice to report for induction. Long reported to the board as directed, but refused to be inducted.

There has been a rash of prosecutions recently growing out of belated efforts of registrants to avoid service in the Armed Forces of the United States by claiming, after notice to report for induction, that they are conscientious objectors. The rights of the registrant and the duties of the local board in such cases are well defined in this circuit. It has been held under the provisions of 32 C.F.R. § 1625.2 [1] that if the registrant's conscientious objection matures after the notice to report, there is a change of status resulting from circumstances over which the registrant has no control. It has also been held that if the local board

---

1. 32 C.F.R. § 1625.2, in pertinent part, provides:

"* * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * *

unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

denies a conscientious objector's request because the allegations are insufficient, it must make specific findings to that effect. United States ex rel. Brown v. Resor, 429 F.2d 1340 (10th Cir. 1970); United States v. Stone, 422 F.2d 968 (10th Cir. 1970); cf. United States v. Haifley, 432 F.2d 1064 (10th Cir. 1970). In United States v. Stone, supra, 422 F.2d 970, we said:

"A crystallization of beliefs in conscientious objection after the Order to Report for Induction has been mailed may constitute a change in status resulting from circumstances beyond a registrant's control. In such a case the Board has a duty to reopen the classification. United States v. Maine, supra [10 Cir., 417 F.2d 951] at 953; Martinez v. United States, 10 Cir., 384 F.2d 50, cert. denied 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166; and Keene v. United States, supra [10 Cir., 266 F.2d 378, at 384]. When a claim of conscientious objection is made after the Order to Report, the Board must determine when the registrant's belief matured. If they matured before the notice was sent, the classification may not be reopened. If they matured after that notice, the question is whether the beliefs qualify him for conscientious objector status. See United States v. Gearey, 2 Cir., 368 F.2d 144, 150, 379 F.2d 915, cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368."

In discussing the same subject, this court, in United States v. Pacheco, 433 F.2d 914 (10th Cir. 1970), said that "(w)hen a claim on conscientious objection is asserted after the Order to Report, the Board must determine when and in what circumstances the registrant's belief matured." If the board finds that the registrant's beliefs matured after the notice to report, before reopening the case, it must determine from the material presented that the stated beliefs qualify the registrant as a conscientious objector within the meaning of the law. The board having made no specific findings, the refusal to reopen cannot be upheld. Cf. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

Reversed.