**UNITED STATES of America**

**v.**

**Lawrence DEMANGONE.**

**No. 70-227.**

United States District Court, W. D. Pennsylvania.

Feb. 11, 1971.

See also 3 Cir., 419 F.2d 762.

Kathleen Kelly Curtin, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Patrick H. Mahady, Latrobe, Pa., for defendant.

MEMORANDUM

ROSENBERG, District Judge.

Presently before me for consideration is the defendant's motion to dismiss the indictment presented by the Grand Jury on August 26, 1970, which charges the defendant with failure to keep and retain his Selective Service classification notice in his possession in violation of 50 U.S.C. § 462(a), and failure to report for and submit to induction in violation of 50 App. U.S.C. § 462(a).

It is provided in Rule 12(b) (1) of the Federal Rules of Criminal Procedure that "Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Rule 12(b) (2) provides that "Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to

show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant * * * " The following must be raised prior to trial: (1) Defenses and objections based on defects in the institution of the prosecution; or (2) Defenses and objections based on defects in the indictment or information * * * " 48 F. R.D. 553, 579.

In the Notes of the Advisory Committee on Rules, as they relate to Rule 12, it is stated that "In the other group of objections and defenses, which the defendant at his option may raise by motion before trial, are included all defenses and objections which are capable of determination without a trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc. * * * ".

■ In a motion to dismiss an indictment, the court will not look beyond the face of the indictment. Las Vegas Merchant Plumbers Ass'n v. United States, 210 F.2d 732, C.A. 9, 1954, cert. den. 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 645 (1954), rehearing denied 348 U.S. 889, 75 S.Ct. 202, 99 L.Ed. 698 (1954); United States v. Gilboy, 160 F.Supp. 442 (M.D.Pa.1958); United States v. Westbrook, 114 F.Supp. 192 (W.D.Ark.1953); and evidentiary matters will not be considered. Las Vegas Merchant Plumbers Ass'n. v. United States, *supra.*

■ While I only have the indictment before me, I am called upon to take judicial notice of a prior criminal proceeding involving this defendant. In United States v. Demangone, consolidated with United States v. Worstell, 419 F.2d 762, C.A. 3, 1969, rehearing denied February 19, 1970, the defendant's prior conviction for refusing to submit to induction was reversed in reliance on Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

While defendant's priority selection as a I–A delinquent was reversed by the Court of Appeals, the decision of the Court of Appeals did not in any way terminate defendant's obligations under the Military Selective Service Act of 1967, 50 App. U.S.C. § 451 et seq., but merely held that his prior induction was invalid.

Counsel for the defendant now argues that because of the government's right to appeal the decision of the Court of Appeals, a subsequent reclassification and indictment was improper. From the facts before me, this argument is without merit. On November 7, 1969 the Court of Appeals reversed the prior conviction and on February 19, 1970 rehearing was denied. The events complained of in the present indictment occurred on April 15, 1970 and May 19, 1970, and the indictment was returned on August 26, 1970. Thus from the record there is no overlapping of events. In addition, it has been held that the state director is empowered to authorize the reopening of a selective service classification even during the pendency of a prior criminal indictment for selective service violation. United States v. Noonan, 434 F.2d 582, C.A. 3, 1970.

I do not decide here whether or not a local board can institute reclassification proceedings during the pendency of a criminal action for failure to submit to induction, nor do I determine that such action was still pending in the present case. However, a selective service board cannot be expected to blind itself to the disposition by a court of appeals of a matter. The board has a right to protect its processes when performed reasonably and in reliance upon a decision of a federal appellate court. Neither is it incumbent upon the courts to legislate in an area where Congress has chosen not to act. Therefore, I can only conclude that from the record before me, and taking judicial notice of the prior decision of the Court of Appeals, there does not appear to be any irregularity, defect or illegality in the present indictment.

Accordingly, the defendant's motion to dismiss will be denied.