**UNITED STATES of America, Appellee,**

v.

**James Arthur O'NEAL, Appellant.**

**No. 26211.**

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Donald R. Shaw (argued), of Tonkoff, Dauber & Shaw, Yakima, Wash., for appellant.

Carroll D. Gray (argued), Asst. U. S. Atty., Dean C. Smith, U. S. Atty., Spokane, Wash., for appellee.

Before JERTBERG, ELY and KILKENNY, Circuit Judges.

---

PER CURIAM:

Appellant was found guilty of refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. He appeals. We affirm.

On March 27, 1967, after registration with his local draft board, appellant was classified I–A. Subsequently, he furnished additional information and applied for a IV–D classification. The local board refused to reopen.

(1) Relying upon Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); Miller v. United States, 388 F.2d 973 (9th Cir. 1967), and similar authorities, appellant claims that he made a prima facie case for reopening. The lower court thought otherwise and we agree. To qualify for a IV–D classification, a registrant must show that he is pursuing a full time course of instruction at a reconized theological or divinity school. 50 U.S.C. App. § 456(g). There is nothing in the record indicating that appellant was pursuing such a course, or that the alleged school was recognized.

(2) Although our decision on point (1) would, under ordinary circumstances, dispose of the appeal, we feel we should express our views on appellant's second contention. He urges that the actions of the board in his case amounted to a de facto reopening within the rules stated in *Mulloy* and *Miller*. In each of those cases, the registrant presented a prima facie case and the conduct of the board was tantamount to a reopening. Here, the board granted appellant a "courtesy interview," but refused to reopen. On the record before us, we hold that the actions of the board did not rise to the dignity of a de-facto reopening. Consequently, the rules in *Mulloy* and *Miller* are inapplicable. United States v. Price, 427 F.2d 162, 163 (9th Cir. 1970); United States v. Bowen, 423 F.2d 266, 267 (9th Cir. 1969).

We have considered, but found without merit, other points raised by appellant.

Affirmed.