**UNITED STATES of America,**
v.
**Milwood W. C. HUGHES, Jr.,**
**Defendant.**

**No. 72 Cr. 405.**

United States District Court,
S. D. New York.

Sept. 12, 1973.

Paul J. Curran, U. S. Atty., S. D. N. Y., New York City, for United States; George E. Wilson, Sp. Asst. U. S. Atty., of counsel.

Levy, Gutman, Goldberg & Kaplan, New York City, for defendant; Donald L. Doernberg, Jeremiah S. Gutman, New York City, of counsel.

## OPINION

COOPER, District Judge.

In this nonjury trial, defendant is charged with deliberate failure to submit to induction into the Armed Forces. 50 U.S.C. App. § 462(a); 32 C.F.R. § 1632.14. Upon conclusion of the trial, the Court reserved decision on defendant's motion for judgment of acquittal.

That defendant intentionally failed to report for induction on July 16, 1970 as ordered is not in dispute. His assigned reason was that he had departed from the United States just prior to that date under emergency conditions in order to care for a sick brother. Defendant urges that he is entitled to judgment of acquittal upon two grounds: (1) that his absence from the country on the date of ordered induction and written request for reclassification, allegedly mailed prior to that date, entitled defendant to such reclassification and cancellation of the outstanding order, 32 C.F.R. §§ 1622.42(c), 1625.14; and (2) that the review by his local draft board (hereafter the "board") of defendant's subsequent claim for recognition as a consci-

entious objector constituted a reopening of defendant's classification and likewise mandated cancellation of the order. 32 C.F.R. § 1625.14.

After careful consideration of the trial testimony, the arguments and briefs of counsel, we find defendant's claims without merit and accordingly find the defendant guilty.

## I

The essential facts follow. Defendant, an alien resident of the United States, was duly registered with Local Board 30, Bronx, New York, on October 31, 1969. On March 24, 1970, the board classified him in Class 1–A. On May 12, 1970, defendant was given an Armed Forces Physical Examination and was found acceptable for military service. On June 16, 1970, the board issued an order to defendant to report for induction on July 16, 1970.

Defendant appeared at the board on June 19, 1970 and requested a postponement of induction so that he could attend Brooklyn College (his acceptance there was not disputed). This was denied by the board on July 2, 1970. Defendant was notified by letter of the board's decision and advised to report as ordered on July 16, 1970. He does not contest the board's decision regarding this request.

On July 16, 1970, defendant failed to report for induction. On July 20, the board received a letter purportedly in defendant's handwriting advising that he had left the country in an emergency owing to his brother's illness in British Honduras where he was attending him. In that same letter, defendant requested reclassification to Class 4–C as an alien resident then temporarily residing outside the United States, pursuant to 32 C.F.R. § 1622.42(c). The letter was dated July 14, two days prior to the reporting date, its handwritten return address, Belize, British Honduras. The postage on the envelope was from British Honduras. The envelope was post-

marked "Bronx New York, Tremont Station, July 18, 1970." On July 28, a copy of defendant's letter was received by the board with accompanying envelope postmarked "Bronx, New York July 27, 1970." Defendant's Selective Service file indicates that the board took no action regarding the request for a 4–C reclassification.

On October 19, 1970, defendant advised his board in writing that he had become a conscientious objector to participation in war in any form. Defendant was thereafter issued SS Form 150 (Special Form for Conscientious Objector) which he completed and returned on October 27. On December 3, the United States Attorney elected to decline prosecution of defendant in favor of local board action and advised the board of its decision by letter of December 8.

Defendant was interviewed by the board on March 9, 1971 concerning his conscientious objector claim and it thereafter denied the claim for the stated reason that defendant " . . . is not sincere in his convictions as a c. o." See Exhibit F to defendant's memorandum of law, dated February 6, 1973. The board advised defendant of its decision by letter of March 11, 1971 and ordered him to appear for induction on March 22, 1971.

At trial defendant's case consisted of a single witness, his wife, who testified that defendant upon her request went to British Honduras on July 11, 1970 to care for his brother then allegedly suffering from appendicitis. Her testimony, though not refuted by the Government, was self-contradictory; together with her demeanor it suggested a meticulous rehearsal before the oath was administered. We reject it.

## II

Defendant first contends that based upon his departure from the United States prior to the induction date the board was required to reclassify him 4–C pursuant to 32 C.F.R. § 1622.42(c) [1]

---

1. 32 C.F.R. § 1622.42(c) provides as follows:
   (c) In Class IV–C shall be placed any registrant who is an alien and who has departed from the United States. Such al-

He argues that because the letter was dated and allegedly mailed prior to the induction date, his right to reclassification arose prior thereto and therefore automatically cancelled the induction order pursuant to 32 C.F.R. § 1625.14.[2] To support his position, defendant relies upon Local Board Memorandum 72 ("LBM 72") which provides that a notice of claim mailed by a registrant is effective as of the date of mailing rather than the date of receipt by the board.

We cannot agree. Even assuming that defendant's letter was in fact mailed prior to the induction date (we note that the envelope bearing the letter was postmarked two days subsequent to said date), such a request becomes effective only upon its receipt by the local board. United States v. Baldridge, 454 F.2d 403 (1st Cir. 1972); United States v. Daniell, 435 F.2d 834 (1st Cir. 1970); Blades v. United States, 407 F.2d 1397 (9th Cir. 1969). LBM 72 provides that for the purpose of determining whether a registrant has met a "cut-off" date, the board shall look to the date of mailing by the registrant rather than the date of receipt by the board. By its own terms LBM 72 applies only to a registrant's duties under 32 C.F.R. §§ 1624.1 (request for personal appearance), 1626.2 (appeal to state board), 1627.3 (appeal to President) and 1641.6 (response to notice). United States v. Baldridge, supra. Thus the regulations frequently authorize a local board to mail documents to registrants (e. g., 32 C.F.R. §§ 1621.9, 1623.-1(a)) and provide that the period of days allowed the registrant to perform any duty required of him shall be computed as of the date of mailing. 32 C. F.R. § 1641.6. See also 32 C.F.R. § 1641.3. They do not, however, speak in terms of registrant's use of the mails. Rather, registrants must "return" or "file" their documents (e. g., 32 C.F.R. §§ 1621.10(a), 1623.1(a)). See Blades v. United States, supra. See also 32 C. F.R. § 1641.7(a).

We cannot extend by analogy the regulation implicit in LBM 72 to a request for classification submitted by the registrant. A board cannot be expected to reclassify a registrant until it is apprised of those facts which allegedly entitle him to reclassification. Mere mailing is not enough. Accordingly, we hold that the obligation of a local board to reclassify a registrant 4–C pursuant to § 1622.42(c) does not arise until its receipt of notification that the registrant has departed from the United States.

Defendant's request herein was not received until July 20, four days after the induction date. It was therefore a post violation request for reclassification. The law is clear that the classification function of a local board ceases with induction. A registrant by failing to report cannot extend the period wherein the board is obliged to consider requests for reclassification or reopening. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). See also United States v. Finney, 439 F.2d 1116 (9th Cir. 1971); United States v. Berger, 434 F.2d 610 (9th Cir. 1970); United States v. Hosmer, 434 F.2d 209 (1st Cir. 1970); United States v. Stafford, 389 F.2d 215 (2d Cir. 1968); United States v. Gearey, 368 F.2d 144 (2d Cir. 1966). Thus, there was no obligation on the lo-

---

ien shall be placed in Class IV–C even though he is a delinquent but this classification shall in no way relieve him from liability for prosecution for violation of the selective service law. If any registrant so classified under this paragraph returns to the United States, his classification shall be reopened and he shall be classified anew.

2. 32 C.F.R. § 1625.14 provides as follows:
   The reopening of the classification of a registrant by the local board shall cancel any order to report for induction or alternate service which may have been issued to the registrant, except that if the registrant has failed to comply with either of those orders, the reopening of his classification thereafter by the local board for the purpose of placing him in Class 4–C shall not cancel the order with which he failed to comply.

cal board to reopen or reclassify defendant's status upon receipt of his letter on July 20.

■■ Defendant also contends that regardless of the applicability of 4–C classification, the failure of the board to even consider the merits of his request was a violation of due process. A local board may have authority to reopen, in response to a post violation request, if it first specifically finds that the alleged change in status resulted from circumstances over which the registrant had no control. Palmer v. United States, supra, 401 F.2d at 228 n. 1. See 32 C.F.R. § 1625.14. Contra, United States v. Haluska, 467 F.2d 207 (9th Cir. 1972); United States v. Hart, 433 F.2d 950 (9th Cir. 1970). However, 32 C.F.R. § 1625.-14 explicitly provides that reclassification to 4–C shall not cancel an outstanding order with which the registrant has failed to comply. The refusal of the board to consider defendant's request cannot be considered prejudicial since as a matter of law it would have been without authority to cancel the order of July 16 which clearly defendant had violated.

### III

Defendant next contends that he stated a prima facie claim as a conscientious objector in October, 1970; that the board reopened his classification when it reviewed the merits of his claim and thereby cancelled the order of July 16 pursuant to 32 C.F.R. § 1625.14; and that the stated reason for denial of defendant's claim was invalid as a matter of law.

■■ These contentions are equally devoid of merit. Defendant relies upon Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1971) wherein the Supreme Court held that a local board is required to reopen a registrant's classification if he presents a prima facie case for reclassification which is not "plainly incredible or . . . conclusively refuted by other information in the applicant's file." Id. at 418 n. 7, 90 S.Ct. at 1770. Mulloy is inapplicable to

the circumstances of this action, for there the request for reclassification was made prior to receipt of the induction notice. See Ferrell v. Selective Serv. L. B. No. 38 of Walnut Ridge, Ark., 434 F.2d 686, 688 (2d Cir 1970); United States v. Jones, 433 F.2d 1292, 1293 n. 6 (2d Cir. 1970). Here defendant's request for reclassification was submitted three months after defendant failed to report for induction.

We conclude, therefore, that defendant's post violation claim of conscientious objection did not entitle him to a reopening of his classification. Though the board arguably possessed the authority to reopen, defendant cannot assert any prejudice resulting from its refusal to do so. Palmer v. United States, supra. Moreover, assuming arguendo, that defendant did state a prima facie claim and was entitled to reopening, there would be no prejudice, for any defect in a selective service proceeding which occurs subsequent to a registrant's refusal to submit to induction is not relevant to the issue of whether a crime was committed on the day of scheduled induction. United States v. Noonan, 434 F.2d 582 (3d Cir. 1970); United States v. Powell, 449 F.2d 706 (3d Cir. 1971); United States v. Stoppelman, 406 F.2d 127 (1st Cir. 1969); United States v. Powers, 413 F.2d 834 (1st Cir. 1969); United States v. Swierenga, 425 F.2d 696 (6th Cir. 1970); United States v. Smogor, 411 F.2d 501 (7th Cir. 1969); United States v. Seeverts, 428 F.2d 467 (8th Cir. 1970); Blades v. United States, supra; United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970).

Defendant contends however that the action of the board in considering the merits of his claim and interviewing him for that purpose constituted a de facto reopening of his classification, thereby cancelling the order of July 16.

■ This position is untenable. For the reasons aforementioned, even had such a reopening occurred, it would not have voided the prior violation of the order of July 16. Once defendant disobeyed that order, he became subject to in-

dictment and prosecution for that act, and "[w]hat occurs after refusal is not relevant to that issue." United States v. Powers, supra, 413 F.2d at 838.

■ Moreover, 32 C.F.R. § 1625.2 [3] specifically prohibits a local board from reopening a classification upon a request issued subsequent to issuance of an order of induction, unless it first specifically finds that there has been a change in the registrant's status over which the registrant had no control. See United States v. O'Neill, 476 F.2d 295 (9th Cir. 1973). Thus, before defendant's classification could be reopened, the local board must have specifically found that his beliefs ripened after receipt of the notice. United States v. Gearey, supra; United States v. Stafford, supra; United States v. Mercado, 478 F.2d 1108 (2d Cir. 1973). Inasmuch as the board made no such finding, there could have been no reopening.

■ The fact that defendant was granted an interview in no way alters our conclusion. Where a local board lacks authority to formally reopen a classification, there can be no de facto reopening. United States v. Musser, 478 F.2d 1068 (9th Cir. 1973). See also United States v. O'Neal, 443 F.2d 368 (9th Cir. 1971); United States v. Hosmer, supra. Moreover, the regulations explicitly provide for a "courtesy appearance" which is to be distinguished from a "personal appearance" to which defendant would have been entitled had his classification been reopened. See 32 C.F.R. §§ 1625.1(c), 1625.13 and 1624.1.

■ Finally, defendant argues that the board's stated reason for denial of his claim was insufficient as a matter of law. It is clear that a statement of reasons is condition precedent to the court's sustaining denial of a deferment following the presentation of a prima facie case. Lenhard v. United States, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972); United States v. Stewart, 478 F.2d 106 (2d Cir. 1973); United States v. Holby, 477 F.2d 649 (2d Cir. 1973).

■ This requirement is arguably applicable to a claim filed after issuance of the notice of induction, in which case the board must first determine when and in what circumstances the registrant's beliefs matured. 32 C.F.R. § 1625.2. See United States v. Long, 435 F.2d 830 (10th Cir. 1971); United States v. Gearey, supra. Where, however, the claim is filed after refusal to submit to induction, defendant cannot claim any prejudice resulting from the conduct of the board. As stated above, the violation was complete the day defendant failed to report and what occurred here subsequent thereto did not alter that vital fact in any way.

Accordingly, defendant is found guilty as charged.

The foregoing shall constitute the Court's Findings of Fact.

So ordered.

---

3. 32 C.F.R. § 1625.2 provides as follows:

The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification: or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.