**UNITED STATES of America,**
**Appellee,**

v.

**Milwood W. C. HUGHES, Jr.,**
**Defendant-Appellant.**

**No. 494, Docket 73–2525.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 8, 1974.

Decided Jan. 11, 1974.

———◆———

Donald L. Doernberg, New York City
(Levy, Gutman, Goldberg & Kaplan, Jeremiah S. Gutman, New York City, on
the brief), for defendant-appellant.

George E. Wilson, Asst. U. S. Atty.
(Paul J. Curran, U. S. Atty., S. D. N. Y.,
S. Andrew Schaffer, Asst. U. S. Atty.,
on the brief), for appellee.

Before KAUFMAN, Chief Judge, and
SMITH and FEINBERG, Circuit
Judges.

PER CURIAM:

Milwood W. C. Hughes, Jr., appeals
from a judgment of conviction for failure to report for induction into the armed forces, 50 U.S.C. App. § 462(a), after
a non-jury trial in the United States
District Court for the Southern District
of New York, Irving Ben Cooper, J., 364
F.Supp. 310 (1973). Appellant was sentenced as a young adult offender to six
months in prison and 18 months probation thereafter.

Appellant's basic claim is that the
failure of appellant's local board to act
upon his allegedly timely request for reclassification vitiated the induction order. Appellant, a permanent resident alien from British Honduras, was supposed to report for induction on July 16,
1970. A few days prior to that date, appellant allegedly returned to British Honduras and mailed to his local board a letter requesting reclassification under 32
C.F.R. § 1622.42(c) [1] as an alien "who has
departed from the United States." The
letter was dated July 14, but was not received by the local board until July 20.
The stated reason for the departure was
that appellant's "kid brother is ill," thus
creating an "emergency." While the
record hardly justifies this characterization, but does make clear appellant's evasive tactics, we need not tarry over his
good faith or lack of it. Although the
circumstances were curious,[2] we may as-

---

1. The regulation at the time provided in relevant part:

   (c) In Class IV–C shall be placed any
   registrant who is an alien and who has departed from the United States. Such alien shall be placed in Class IV–C even
   though he is a delinquent but this classification shall in no way relieve him from
   liability for prosecution for violation of
   the selective service law. If any registrant so classified under this paragraph

   returns to the United States, his classification shall be reopened and he shall be
   classified anew.

   Executive Order 10659, 21 Fed.Reg. 1103.
   The regulation has since been amended to
   eliminate the second sentence.

2. Although the letter had British Honduras
   stamps and registered mail markings on it,
   it carried only a July 18 postmark of receipt
   by a Bronx post office.

**598**

sume, as did Judge Cooper, that the letter was actually mailed before July 16. However, we agree with the trial judge that the controlling date is when the request for reclassification was actually received by the local board. United States v. Baldridge, 454 F.2d 403 (1st Cir. 1972); United States v. Daniell, 435 F.2d 834 (1st Cir. 1970) (per curiam), cert. denied, 401 U.S. 982, 91 S.Ct. 1201, 28 L.Ed.2d 334 (1971).

The claim that Local Board Memorandum No. 72[3] requires a different result is without merit. That Memorandum clearly applies only to specified situations where the registrant's *response* is triggered by board action and restricted to specified time limits.[4] United States v. Baldridge, *supra,* 454 F.2d at 404–405. Here, Hughes presumably was not responding to the induction order, but to his brother's alleged illness. Since appellant's request for a change in classification was received by the local board after the date scheduled for his induction, he was required to obey the induction order. It may be that a situation will arise where an unusual delay in the mails or some other equitable circumstance would raise due process questions if a mailed request for reclassification was therefore received too late to be considered. See id.; Blades v. United

States, 407 F.2d 1397, 1399 n. 1 (9th Cir. 1969). But this is far from such a case.

Judgment affirmed.

---

3. Local Board Memorandum No. 72 provides:

SSS Reg.
1624.1
1626.2
1627.3
1641.6

LOCAL BOARD MEMORANDUM NO. 72
ISSUED: DECEMBER 17, 1962

SUBJECT: TIMELY FILING OR SUBMISSION OF NOTICES OR INFORMATION

1. Selective Service Regulations provide that a registrant and other specified persons, to be entitled to a procedural right or to qualify for a status, must file with or submit to the local board a notice or information within a specified period of time or before a "cutoff" date.

2. When such a notice or information is filed with or submitted to the local board by mail, the date of mailing as shown by the post-

mark on the envelope and not the date it was received by the local board shall be used in determining whether the filing or submission is timely.

3. The envelope in which any such notice or information is received shall be placed in the registrant's cover sheet attached to the contents of the envelope.

4. The Memorandum indicates on its face that it applies to the registrant's duties under what were at the time of its issuance 32 C. F.R. §§ 1624.1 (request for personal appearance before local board), 1626.2 (appeal to state board), 1627.3 (appeal to President), and 1641.6 (computation of time for response to notices).

The Memorandum was rescinded in 1972, after the relevant dates in this case, and was replaced by Registrants Processing Manual § 603.6, which appears to be broader in its application.