**UNITED STATES of America,
Plaintiff,**

v.

**Mike Ernest MOLINA, Defendant.
Crim. No. 24258.**

United States District Court,
D. New Mexico.
May 21, 1971.

Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

Lorenzo A. Chavez and Melvin L. Robins, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

In this case, the registrant claims that he orally requested form 150 in March or April of 1970. The file shows that on June 18, 1970, he was ordered to report for induction. This order to report was postponed from time to time and he was finally scheduled for induction on January 21, 1971.

On July 6, 1970, he wrote a letter to the local board requesting a form on which to apply for conscientious objector status. The United States Attorney later advised the State Director that a form 150 should be sent to the registrant and that if he returned it timely, the United States Attorney would recommend that the registrant's classification be reopened and that the board give consideration to his conscientious objector claim. A form was sent to him but he did not return it within the 30 days prescribed on the form. He was scheduled to report for induction on January 21, 1971, and he filed the form on January 20, 1971, one day before the date on which he was scheduled to be inducted. His induction was then postponed until February 9, 1971. The board mailed a letter to the registrant on January 28, 1971, which reads as follows:

> "Registrant's cover sheet and SSS Form 150, were reviewed by the local board at their meeting held this date and after thorough consideration by the local board, they were not convinced that a Conscientious Objector classification was justified in this case on the basis of his sincerity by reason of religious, moral or ethical beliefs."

█ The United States Attorney takes the position that the registrant's objections had crystalized in March or April before he received his notice to report for induction since he had asked for a form then. The United States Attorney contends that by reason thereof, the registrant was not entitled to have his case reopened for a change of classification. I can agree with the United

States Attorney thus far. The law provides that before the board may legally reopen, they must find that the registrant's beliefs must have crystalized after the order to report was received.

However, the registrant claims that what the board did was in substance a reopening of his classification.

█ It is my conclusion that the board did, in fact, reopen the registrant's classification and consider his form 150 on the merits. They did not determine when his beliefs crystalized and did not make the necessary findings to justify their refusal to reopen.

In Miller v. United States, a Ninth Circuit case decided on December 29, 1967, and reported in 388 F.2d 973, the Court, in speaking of a local board, said:

> "It shortcut the situation by directly proceeding, without purporting to reopen, to a consideration of whether appellant was entitled to a conscientious objector classification on the merits of the probative elements of its file. It weighed the information contained in appellant's form against other probative factors (such as his attempted reserve enlistment during the month preceding) and arrived at the judgment that he was not in truth a conscientious objector but was merely 'seeking to avoid induction.'

This was action amounting to a determination of the question of classification. While the board labeled what it had done as a denial of reopening in form, the substance of what it did was, as indicated, to 'consider the new information * * * received', weigh this against other probative factors, and then evaluatively conclude that appellant's previous 1–A classification was proper in the situation. In other words, the local board engaged in the processes which were open to it under § 1625.11, but with an ignoring of the procedural prescription of § 1625.11 for a reopening as a basis therefor."

In United States ex rel. Brown v. Resor, 429 F.2d 1340 (1970), decided by the Tenth Circuit Court of Appeals on

July 21, 1970, the Court stated as follows:

"Where a claim to conscientious objector status is denied consideration after issuance of an induction order the board must, as the regulation dictates, make specific findings that those beliefs are either facially insufficient or emerged before receipt of the induction order and consequently did not constitute a change in status over which the registrant had no control."

In United States v. Pacheco, a case that was decided by this Court and which was reversed by the United States Court of Appeals for the Tenth Circuit, and reported at 433 F.2d 914, the Court said:

"When a claim on conscientious objection is asserted after the Order to Report, the Board must determine when and in what circumstances the registrant's belief matured. It failed to do so. The defect is not cured by evidence at the criminal trial indicating that the belief crystalized at some previous time. The duty is on the Board to make the required determination and it must do so specifically."

From the foregoing, it appears that the board did, in fact, consider the matter on the merits. They held that his claim was not justified "on the basis of his sincerity by reason of religious, moral or ethical beliefs". That shows that the board was considering the matter on the merits. They did not determine when his beliefs crystalized. Their decision not to allow him conscientious objector status was not based on a finding that his beliefs crystalized prior to the notice of induction. Nor did they make any finding that his claim was filed too late. Rather, they went on to consider it on the merits. This being so, he was entitled to appeal, if he so desired.

It appears that the case cannot be successfully prosecuted, but I don't think this proceeding should be considered as having put the defendant in jeopardy. In other words, it is my feeling that he has a right to appeal from the decision of the Board.